## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| STEVEN BANKHEAD, ) <br> ) <br>     Petitioner, ) <br> ) <br> vs. ) <br> ) <br> STATE OF MISSOURI and ) <br> JEREMIAH W. NIXON,[1] ) <br> ) <br>     Respondents. ) <br> ) | Case number 4:04cv0136 TCM |

### MEMORANDUM AND ORDER

The 28 U.S.C. § 2254 petition of Steven Bankhead ("Petitioner"), a Missouri prisoner, for federal habeas corpus relief is before the undersigned United States Magistrate Judge for review and a final disposition. See 28 U.S.C. § 636(c).

### Background

On July 9, 1999, Petitioner was charged with first degree burglary for allegedly unlawfully entering the home of Erika Powell that same day and with stealing her car. (Resp. Ex. B at 5-6). The charging document listed an address for Petitioner at 4900 Cleveland. (Id. at 5.) On August 5, he was indicted on those two felonies. (Id. at 11-12.) By letter dated September 30, Petitioner wrote the judge expressing dissatisfaction with his appointed counsel and explaining that the felonies were the result of a misunderstanding with

---

[1]Because Petitioner is challenging a sentence to be served in the future, the Attorney General of Missouri, Jeremiah W. "Jay" Nixon, is hereby added as a proper party respondent. See Rule 2(b), Rules Governing Section 2254 in the United States District Courts.

his fiancé, who no longer wished to press charges. (Id. at 26-27.) Attached to the letter was a photocopy of a paycheck issued to Petitioner at 10062 Earl and dated July 23, 1999. (Id. at 29.)

On October 28, Petitioner, represented by the same counsel, entered a plea of guilty pursuant to a plea agreement. (Id. at 47.) Asked his address, Petitioner replied that it was "10062 Earl Drive." (Id. at 48.) Asked if he had had sufficient opportunities to discuss the case with his attorney, if he was satisfied with his attorney's services, including his attorney's knowledge of all the relevant facts, and if he had been advised by his attorney as to all aspects of the case, Petitioner, under oath, answered in the affirmative. (Id. at 47, 49.) Petitioner also answered in the affirmative when asked by the court about his knowledge of the rights he was waiving by pleading guilty. (Id. at 50-51.) Petitioner further stated that the prosecutor's recitation of the facts was substantially correct. (Id. at 52.) No one had promised him a specific sentence. (Id. at 52-53.) The prosecutor explained the range of sentences on each count[2] and recommended a 5-year suspended execution of sentence, 3-year term of probation, and 120-days "shock time." (Id. at 53.) The last had already been completed by Petitioner. (Id.) Additionally, the state would not issue charges on a "drug incident" that occurred on July 9. (Id.) Petitioner was sentenced accordingly. (Id. at 55.)

Two years later, in November 2001, Petitioner admitted he had violated a condition of his probation and waived a hearing. (Id. at 56.) The previously-imposed sentence was

---

[2]The range on the burglary charge was 5 to 15 years' imprisonment and on the stealing charge was 1 day to 7 years. (Id. at 53.)

executed. (Id. at 37-38, 42, 57.) The court advised him of his right to file a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035. (Id. at 60.) Asked if his attorney – the same appointed counsel who had earlier represented him – had done everything Petitioner had asked him to do prior to entering his plea of guilty, Petitioner replied: "I don't remember." (Id.) The following colloquy then occurred:

> The Court: You think he did?
>
> [Petitioner]: Yes, sir.
>
> The Court: Did you ask him not to do something and he did it anyway?
>
> [Petitioner]: No.
>
> The Court: No. Was the sentence that you received back then the result of a plea bargain?
>
> [Petitioner]: Yes, sir.
>
> The Court: And was the sentence that you got what you were told you were going to get?
>
> . . .
>
> [Petitioner]: Right.
>
> The Court: Other than that plea bargain, did your attorney communicate any threats or promises to force you to enter this plea of guilty?
>
> [Petitioner]: No, sir.
>
> The Court: Are you satisfied with the services you have received from you attorney whether or not you're satisfied with the outcome in this case?
>
> [Petitioner]: Yes, sir.

(Id. at 61.)

Two months later, however, in January 2002, Plaintiff did express dissatisfaction with his attorney's assistance, specifically alleging in a pro se Rule 24.035 motion that his trial counsel was ineffective because he had failed to (1) advise Petitioner of whether he (counsel) had tried to negotiate a plea agreement; (2) consult with Petitioner during the investigation of the case; (3) investigate any witness's statements; (4) file a motion to suppress or any other pretrial motion; and (5) explain any legal issues or offer any legal advice on the charges. (Resp. Ex. A at 5.) The following month, Petitioner was appointed counsel. (Id. at 14.)

Appointed counsel filed an amended motion alleging Petitioner had been denied the effective assistance of counsel when counsel (a) did not object to the lack of a factual basis to support the burglary plea, his residence being the same as that of the alleged victim; (b) did not move to dismiss the charges for failure to state an offense; and (c) did not object to the insufficiencies in the indictment. (Id. at 25-26.)

The court denied the motion without an evidentiary hearing, finding that Petitioner's "plea of guilty was voluntarily and intelligently made and that Petitioner's allegations of ineffective assistance of counsel are refuted by the record at the plea and sentence and by the applicable laws of the State of Missouri." (Id. at 31-38.) Specifically, "[t]he elements of Burglary in the First Degree were stated sufficiently pursuant to [§] 569.160$^3$ . . .; the facts

---

[3]Under § 569.160, first degree burglary is committed when:

A person knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein, and when in effecting entry or while in the building or inhabitable structure or in immediate flight therefrom, he or another participant in the crime: (1) is armed with

- 4 -

alleged clearly define the statutory requirements of [§] 569.160 . . .; and [Petitioner] admitted committing those facts and elements." (Id. at 35.)

Petitioner appealed, arguing the court had erred when denying his amended post-conviction motion. (Resp. Ex. C at 8). The appellate court disagreed, finding, in relevant part:

> . . . [T]he record refutes movant's underlying assumption that an insufficient factual basis for his plea existed. At the plea hearing the prosecutor set out a factual basis, as follows:
>
>> [PROSECUTOR]: If [this case] went to trial we'd prove that on July 9, 1999 in St. Louis County [Movant] knowingly entered unlawfully in an inhabitable structure located at 10062 Earl Drive and possessed by Erica Powell [sic] for the purpose of committing stealing therein and while in this structure there was present in such structure Erica Powell [sic], a person who was not a participant in the crime.
>
> Defendant told the court that this statement was substantially true and correct. This recitation tracked the statutory definition of first-degree burglary almost verbatim. The assertion that the structure was "possessed by Erica [sic] Powell" is enough to show Ms. Powell resided at that address and movant entered her residence "unlawfully."
>
> Movant contended in his motion that his testimony in the introductory portion of the plea hearing, in which he declared that his address was 10062 Earl Drive, established that 10062 Earl Drive was his home, and this was the same address he was charged with burglarizing, and one cannot burglarize one's own home.
>
> Movant's testimony at the plea hearing about his current address does not contradict the factual basis for the plea. The prosecutor asserted that the

---

explosives or a deadly weapon or; (2) causes or threatens immediate physical injury to any person who is not a participant in the crime; or (3) there is present in the structure another person who is not a participant in the crime.

- 5 -

movant unlawfully entered Ms. Powell's residence on July 9, 1999. Movant declared on October 28, 1999 that his address is 10062 Earl Drive. Both statements can be true. In fact, the complaint, initially filed on July 9, lists movant's address as 4900 Cleveland. Moreover, movant never alleged in his motion that he resided at or even had Ms. Powell's permission to enter 10062 Earl Drive on July 9, 1999.

> Because a factual basis existed for movant's guilty plea to the charge of first-degree burglary, the motion court did not err in concluding that movant's counsel was not ineffective for not advising him that there was no factual basis for the plea.

(Id. at 3-4.) (Interim citations omitted.)

In his § 2254 petition, Petitioner seeks federal habeas corpus relief on the grounds that he was denied the effective assistance of counsel when counsel (1) told him to plead guilty although the State had failed to allege a factual basis for the plea, (2) did not object to the plea or move to dismiss the case on the grounds of a lack of such basis, (3) misinformed Petitioner that the State's case had a factual basis and advised him to plead guilty, and (4) did not interview Petitioner's witnesses.[4] (Pet'n at 5-6.) This last ground was not presented to the state courts; and, although the form asks for an explanation of why it was not, Petitioner does not include one, nor he explain the omission in his traverse.

## Discussion

Grounds One through Three: Standard of Review. "A federal court may grant habeas relief to a state inmate only if the State court's decision was contrary to or involved an

---

[4]The form petition lists four grounds for relief and one ground that Petitioner states, without explanation, was not presented to the state courts. The four presented grounds are three grounds plus the standard for ineffective assistance of counsel.

- 6 -

objectively unreasonable application of clearly established federal law as decided by the United States Supreme Court." **Freeman v. Graves,** 317 F.3d 898, 900 (8th Cir. 2003) (citing 28 U.S.C. §2254(d)(1)).

The "contrary to" clause and the "unreasonable application" clause have independent meanings. **Williams v. Taylor**, 529 U.S. 362, 405 (2000). "[A] state court decision is 'contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [their] precedent.'" **Lockyer v. Andrade**, 538 U.S. 63, 73 (2003) (quoting Williams, 529 U.S. at 405-06) (alterations added). "On the other hand, a run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case would not fit comfortably within § 2254(d)(1)'s 'contrary to' clause." **Williams**, 529 U.S. at 406 (alteration added). Such a state court decision can, however, fit within the "unreasonable application" clause. **Id.** at 407-08. "[W]hen a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case, a federal court applying § 2254(d)(1) may conclude that the state-court decision falls within that provision's 'unreasonable application' clause." **Id.** at 409 (alterations added). A federal habeas court making the "unreasonable application" inquiry should note that "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." **Id.** at 410. "It is not enough that a federal

habeas court, in its independent review of the legal question, is left with a firm conviction that the state court was erroneous." **Lockyer**, 538 U.S. at 75 (internal quotations omitted). And, "'[t]o the extent that inferior federal courts have decided factually similar cases, reference to those decisions is appropriate in assessing the reasonableness . . . of the state court's treatment of the contested issue.'" **Copeland v. Washington**, 232 F.3d 969, 974 (8th Cir. 2000) (quoting Long v. Humphrey, 184 F.3d 758, 761 (8th Cir. 1999)) (alterations in original).

Ineffective Assistance of Counsel. It is well established that "a defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in [Strickland v. Washington, 466 U.S. 668 (1984)].'" **Hill v. Lockhart**, 474 U.S. 53, 56-57 (1985) (quoting Tolett v. Henderson, 411 U.S. 258, 267 (1970)) (alteration added). Consequently, to obtain habeas relief on his first three grounds Petitioner must show that his counsel's performance was deficient, i.e., counsel's representation fell below an objective standard of reasonableness, and that he would not have pleaded guilty and would have insisted on going to trial but for that deficient performance. See **Gumangan v. United States**, 254 F.3d 701, 705 (8th Cir. 2001); **Wilcox v. Hopkins**, 249 F.3d 720, 722 (8th Cir. 2001); **Witherspoon v. Purkett**, 210 F.3d 901, 903 (8th Cir. 2000). "In determining whether counsel's conduct was objectively reasonable, there is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional

assistance.'" **Nguyen v. United States**, 114 F.3d 699, 704 (8th Cir. 1997) (quoting Strickland, 466 U.S. at 689). "The prejudice inquiry in such cases 'focuses on whether counsel's constitutionally ineffective performance affected the outcome of the *plea process*.'" **Wanatee v. Ault**, 259 F.3d 700, 703 (8th Cir. 2001) (quoting Hill, 474 U.S. at 58).

The basic premise of Petitioner's first three claims of ineffective assistance of counsel is that he could not have burglarized his own home at 10062 Earl Drive. He did not protest, however, when the prosecutor stated at the change-of-plea hearing that Petitioner was charged with "unlawfully" entering the home of Erika Powell on July 9. Indeed, under oath, he stated that the prosecutor's recitation was "substantially true and correct." "Solemn declarations in open court carry a strong presumption of verity[,]" **Blackledge v. Allison**, 431 U.S. 63, 74 (1977) (alteration added); thus, it is a heavy burden to overcome admissions at a plea hearing to show that the plea was involuntary, **Nguyen**, 114 F.3d at 703. Additionally, the evidence before the state courts included an address on Cleveland for Petitioner on the same day as the alleged burglary. The state appellate court found that the underlying factual premise for Petitioner's claims of ineffective assistance of trial counsel was refuted by the record. "The state courts' findings of fact 'shall be presumed to be correct,'" **Helmig v. Kemna**, 461 F.3d 960, 966 (8th Cir. 2006) (quoting 28 U.S.C. § 2254(e)(1)), and will be reversed "only if they are not supported by the record," **Winfield v. Roper**, 1026, 1035 (8th Cir. 2006). The state court's finding that the factual premise for Petitioner's ineffective assistance of counsel claims was refuted by the record is supported

by that record. The charges against Petitioner alleged that he unlawfully entered Erika Powell's home on Earl Drive on July 9, 1999. He told the court, under oath, that this was correct. His residence at on Earl Drive in October 1999, when he pled guilty, does not defeat the presumption of correctness to which the state court's finding is entitled. Because there was a factual basis for the plea, as found by the state court, Petitioner cannot establish that he was denied the effective assistance of counsel for counsel's failure to challenge that basis. See **United States v. Lasley**, 158 Fed.Appx. 746, 747 (8th Cir. 2005) (per curiam) (rejecting habeas challenge to guilty plea by petitioner who had failed at change of plea hearing to challenge a factual basis for the plea); **United States v. Guerra**, 44 Fed.Appx. 56, 57-58 (8th Cir. 2002) (per curiam) (same).

Ground Four: Procedural Default. Title 28 U.S.C. § 2254(b)(1)(A) and the Supreme Court bar the granting of habeas corpus relief unless it appears that the state prisoner has exhausted available state court remedies. See **Baldwin v. Reese**, 541 U.S. 27, 27 (2004); **Gray v. Netherland**, 518 U.S. 152, 161 (1996); **Coleman v. Thompson**, 501 U.S. 722, 730 (1991). In Missouri, a Rule 24.035 motion is the exclusive remedy to challenge a guilty plea on federal constitutional grounds. **Weeks v. Bowersox**, 119 F.3d 1342, 1347 (8th Cir. 1997); **Duvall v. Purkett**, 15 F.3d 745, 746 (8th Cir. 1994). Consequently, Petitioner's failure to raise in his Rule 24.035 motion his claim that his trial counsel was ineffective for failing to interview witnesses is procedurally defaulted. See **Winfield v. Roper**, 1026, 1034 (8th Cir. 2006). "When a state prisoner has procedurally defaulted his federal claims in state

court pursuant to an independent and adequate state procedural rule, federal habeas review of claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice, as a result of the alleged violation of federal law, or demonstrate that failure to consider claims will result in a fundamental miscarriage of justice." **Coleman**, 501 U.S. at 724.

Petitioner has not alleged that there is any cause for his default. It is, therefore, unnecessary to consider whether he has demonstrated prejudice. See **Lee v. Kemna**, 213 F.3d 1037, 1039 (8th Cir. 2000); **Abdullah v. Groose**, 75 F.3d 408, 413 (8th Cir. 1996).

As noted above, Petitioner's defaulted ground might be reached on its merits absent a showing of cause for his procedural default if he establishes that a failure to do so will result in a fundamental miscarriage of justice. See **Forest v. Delo**, 52 F.3d 716, 719 (8th Cir. 1995); **Flieger v. Delo**, 16 F.3d 878, 885 (8th Cir. 1994). The fundamental miscarriage of justice exception is applicable "when a petitioner makes a showing, based on new evidence, that a 'constitutional violation has probably resulted in the conviction of one who is actually innocent.'" **Brownlow v. Groose**, 66 F.3d 997, 999 (8th Cir. 1995). Petitioner makes no showing, based on new evidence, that he is actually innocent. Absent cause for his default or the establishment of actual innocence, Petitioner's fourth ground is procedurally barred.

## **Conclusion**

For the foregoing reasons, Petitioner's first three §2254 claims are without merit, and his last is procedurally barred.

Accordingly,

**IT IS HEREBY ORDERED** that the Attorney General of Missouri, Jeremiah W. Nixon, is added as a Respondent.

**IT IS FURTHER ORDERED** that the 28 U.S.C. §2254 petition of Steven Bankhead is **DENIED** without further proceedings.

An appropriate Judgment shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of November, 2006.